IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                Plaintiff,

v.

WILLIAM POFF, BRIAN SMALL and
CHRISTOPHER OSBORNE,

                Defendants.

STATUS CONFERENCE ORDER

Case No. 13-cr-61-JPS
_____

On January 22, 2014, this court held a status conference to discuss with the parties the government's announcement that it will be seeking a superseding indictment on January 29, 2014. Pro se defendant William Poff was present, representing himself, with stand-by counsel Robert Ruth also present. Defendant Brian Small did not attend but was represented by his attorney, Terry Frederick. Defendant Christopher Osborne waived his personal presence but was represented by his attorney, Gregory Dutch. The government was represented by Assistant United States Attorneys Munish Sharda and Timothy O'Shea.

At the hearing, the government proffered that its proposed superseding indictment will drop all of the mail fraud charges and focus on the false lien charges under 18 U.S.C. § 1521, perhaps recasting them as attempted filings rather than actual filings. The charges will be based on the evidence that already has been disclosed to the defendants. The government reported that the grand jury that will be considering this proposed superseding indictment is not the same grand jury that returned the current indictment in this case.

In response, all three defendants asked for a continuance of the February 24, 2014 trial date and for an opportunity to file additional pretrial motions after reviewing any superseding indictment returned by the new grand jury. (Because some of the pending defense motions will

be mooted by the return of a superseding indictment by a different grand jury, the court will tread water on the pending motions.) At the hearing we also discussed the potential scheduling impact of Attorney Frederick's motion for a competency evaluation of Mr. Small (which the court granted) and the pending motions for severance. The government confirmed its position that it wants to try all three defendants together, even if this means delaying the trial until the court determines Small's competence.

The court directed the defendants to file written motions for continuances in which they set forth all of their reasons. The court reminded the parties that meanwhile, the existing schedule remains in effect unless and until the court says otherwise.

Entered this 23rd day of January, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge